González *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª.

No. 86.—Resuelto en febrero 20, 1911.

Inscripción—Falta de Expresión de la Medida Superficial—Defecto Subsanable.—La falta de expresión de la medida superficial de una finca, cuando no consta del título, no da motivo para denegar la inscripción, y ésta debe verificarse haciendo constar dicha falta.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Raul Benedicto.*

El Juez Presidente, Sr. Hernández, emitió la opinión del tribunal.

Por escritura pública otorgada en esta ciudad de San Juan, a 31 de diciembre de 1910, ante el Notario Don José Benedicto, Pascasia González compró a Jaime Fort una finca urbana, que se describe así:

"*Urbana:* Solar con casa en el barrio de Santurce de esta ciudad, siendo la casa terrera, de maderas, techada de zinc, de cuatro metros de frente por siete de fondo; y el solar se compone de siete metros de frente por el Este, colindando con un callejón; ocho metros por el Oeste, con Valentina Salazar; catorce metros por el Norte, en lindes con Martín Candelario, y trece metros por el Sur, colindando con el vendedor."

El mencionado solar es parte segregada de otro, que también se describe en la forma siguiente:

"*Urbana:* Solar sito en el barrio de Santurce de esta ciudad, que mide catorce metros por el Norte, en colindancias con Martín Candelario; diez metros por el Sur, colindando con la sucesión de Juan Asencio; veinte y ocho metros 75 centímetros por el Este, en colindancias con Fernando Schluter, separado por un callejón y veintisiete metros 35 centímetros por el Oeste, colindando con Gustavo Fort, en cuyo solar existe una casa terrera de madera, techada de zinc, de cuatro metros de frente por siete de fondo."

Presentada dicha escritura al Registrador de la Propiedad de San Juan, Sección primera, para su inscripción, fué denegada por medio de la siguiente nota:

"Denegada la inscripción del precedente documento porque no se expresa la medida superficial de la finca, cuyo defecto, si bien es subsanable, impide no obstante la inscripción, porque debiendo esta cabida segregarse de la finca principal, no se puede en primer lugar apreciar si hay o no bastante superficie en aquélla para formar esta nueva finca, y en segundo lugar produciría una perturbación en la determinación de la finca principal, si se hiciesen de ella segregaciones que no estuviesen expresamente calculadas y determinadas; y se ha extendido anotación preventiva por el término legal al folio 66, del tómo 17 de Santurce, Norte, finca 734, anotación letra A. San Juan, P. R., 18 enero, 1911. El Registrador, José S. Belaval."

Esa nota ha motivado el presente recurso gubernativo, sometido a nuestra consideración; y para su resolución traigamos a examen los preceptos legales atinentes al caso.

*Toda inscripción que se haga en el registro debe expresar la naturaleza, situación y linderos de los inmuebles* \* \* \* *y su medida superficial* \* \* \* *nombre y número, si constaren del título.* (*Art. 9o. núm. 1o. de la ley.*)

*La medida superficial se expresará en la forma que constare del título y con las denominaciones que en él se empleen; pero si del título no resultase dicha medida, se expresará en la inscripción esta circunstancia.* (*Art. 63, regla 4a. del Reglamento.*)

Ante preceptos legales tan terminantes, es claro que la falta de expresión de la medida superficial de una finca, cuando no consta del título, no da motivo para denegar la inscripción, y que ésta debe verificarse, haciendo constar dicha falta.

Las resoluciones de la Dirección General de los Registros de España de 17 de mayo de 1880 y 3 de febrero de 1886 vienen en apoyo de la doctrina expuesta.

En el caso presente sin gran dificultad puede apreciarse que la finca principal tiene bastante cabida, para que de ella

pueda segregarse la que ha sido objeto de la inscripción denegada.

Comprendemos la conveniencia de que en todas las inscripciones aparezca la medida superficial, para que de ese modo queden bien identificados los inmuebles y se eviten fraudes que facilita la omisión de tal circunstancia; pero como la ley sólo exige que conste en la inscripción la cabida de la finca, *cuando ese dato resulte del título presentado,* nosotros no podemos ir contra la incontestable claridad de la ley, a la cual debemos dar estricta aplicación, reservando al poder legislativo la revocación o modificación de la misma.

Por las razones expuestas opinamos que procede la revocación de la nota recurrida de 18 de enero próximo pasado.

*Revocada.*

Jueces concurrentes: Sres. Asociados, Wolf, del Toro y Aldrey.

El Juez Asociado, Sr. MacLeary, no intervino en la resolución de este caso.